# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**FAT GIRAFFE MARKETING GROUP LLC,** a Utah limited liability company; **CLOUD CLICK, L.L.C.,** a Utah limited liability company; **ELEVATE CONSULTING INTERNATIONAL LLC,** a Utah limited liability company; **COVE SOLUTIONS LLC,** a Utah limited liability company; **LAKE VIEW HOLDINGS LLC,** a Utah limited liability company; **GREGORY W. ANDERSON,** individually and as a principal and sole owner of **COVE SOLUTIONS LLC** and **LAKE VIEW HOLDINGS LLC; and GARRETT P. ROBINS,** individually and as a principal and sole owner of **FAT GIRAFFE MARKETING GROUP LLC, ELEVATE CONSULTING INTERNATIONAL LLC,** and **CLOUD CLICK, L.L.C.,**<br><br>**Defendants.** | **STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT**<br><br>**Case No. 2:19-cv-63**<br><br>**Judge Clark Waddoups** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b, and the Telemarketing and Consumer Fraud Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108. The Commission and Defendants Fat Giraffe Marketing Group LLC, Cloud Click, L.L.C., Elevate Consulting International LLC, Cove Solutions LLC, Lake View

Holdings LLC, Gregory W. Anderson, and Garrett P. Robins (collectively, "Defendants") previously stipulated to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the FTC's trade regulation rule entitled Disclosure Requirements and Prohibitions Concerning Business Opportunities ("Business Opportunity Rule"), 16 C.F.R. Part 437, as amended, and the FTC's trade regulation rule entitled Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, in the operation of an online moneymaking scheme promising that consumers who paid an up-front fee could make significant income with little effort, all from the comfort of their own homes.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Business Coaching Services**" means any product or service, including any program or plan, that is represented, expressly or by implication, to train or teach a consumer how to establish, operate, or improve a business.

B. **"Business Opportunity"** means a commercial arrangement in which:

(1) A seller solicits a prospective purchaser to enter into a new business; and

(2) The prospective purchaser makes a required payment; and

(3) The seller, expressly or by implication, orally or in writing, represents that the seller or one or more Designated Persons will:

i. Provide locations for the use or operation of equipment, displays, vending machines, or similar devices, owned, leased, controlled, or paid for by the purchaser; or

ii. Provide outlets, accounts, or customers, including, but not limited to, Internet outlets, accounts, or customers, for the purchaser's goods or services, including, but not limited to, providing access to accounts or customers as part of an affiliate marketing or link posting program; or

iii. Buy back any or all of the goods or services that the purchaser makes, produces, fabricates, grows, breeds, modifies, or provides, including, but not limited to, providing payment for such services as, for example, stuffing envelopes from the purchaser's home.

C. "**Corporate Defendants**" means Fat Giraffe Marketing Group LLC, Cloud Click, L.L.C., Elevate Consulting International LLC, Cove Solutions LLC, and Lake View Holdings LLC and their successors and assigns.

D.     "**Defendants**" means all of the Individual Defendants and Corporate Defendants, individually, collectively, or in any combination.

E.     **"Designated Person"** means any person, other than the seller, whose goods or services the seller suggests, recommends, or requires that the purchaser use in establishing or operating a new business.

F.     "**Individual Defendants**" means Gregory W. Anderson and Garrett P. Robins.

G.     "**Person**" means any natural person or any entity, corporation, partnership, or association of persons.

H.     "**Telemarketing**" means any plan, program, or campaign which is conducted to induce the purchase of goods or services by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

## ORDER

## I.

### BAN ON MARKETING OR SALE OF BUSINESS COACHING SERVICES AND BUSINESS OPPORTUNITIES

IT IS ORDERED that Defendants are permanently restrained and enjoined from:

A.     Advertising, marketing, promoting, or offering for sale, or assisting in the advertising, marketing, promoting, or offering for sale of any (1) Business Coaching Service or (2) Business Opportunity; and

B.     Holding an ownership interest, share, or stock in any business, other than a publicly traded company, that engages in or assists in advertising, marketing, promoting, or offering for sale any (1) Business Coaching Service or (2) Business Opportunity.

Provided, however, that Subsections A and B above do not prohibit the Individual

Defendants from providing consulting services, compliance review, or similar services as an employee or agent of a law firm or insurance agency.

## II.

## PROHIBITIONS RELATING TO TELEMARKETING PRACTICES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Telemarketing of any good or service, are permanently restrained and enjoined from:

    A.      Misrepresenting the identity of the seller or telemarketer;

    B.      Misrepresenting Defendants' relationship with the seller or telemarketer; or

    C.      Violating any provision of the TSR.   (A copy of the TSR is attached as Attachment A.)

## III.

## PROHIBITIONS AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service other than those banned by Section I of this Order, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

    A.      That consumers are likely to earn substantial income, or, a specific level or range of actual or potential income;

    B.      How any payments to consumers are calculated or determined;

  C. That a job training product or service is actually a job placement;

  D. That any endorsement is a truthful endorsement or by an actual user of such product or service;

  E. That any endorsement is by an independent or ordinary user of the product or service;

  F. That any review or endorsement is an independent or impartial review or endorsement;

  G. Any material aspect of the performance, efficacy, nature, or central characteristics of the product or service.

## IV.

## MONETARY JUDGMENT

  IT IS FURTHER ORDERED that:

  A. Judgment in the amount of TEN MILLION NINE HUNDRED TWENTY-THREE THOUSAND ONE HUNDRED THIRTY-EIGHT DOLLARS ($10,923,138) is entered in favor of the Commission against the Defendants, jointly and severally, as equitable monetary relief.

  B. In partial satisfaction of the monetary judgment set forth above, Defendants are ordered to pay to the Commission Eighteen Thousand Three Hundred Ninety-Five Dollars ($18,395). Such payment must be made by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission, as follows:  payment of Thirteen Thousand Three Hundred Ninety-Five Dollars ($13,395), which, as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission, within 7 days of entry of this Order; and payment of the balance of Five Thousand

Dollars ($5,000) within 45 days of entry of this Order. Upon such payments, the remainder of the judgment is suspended, subject to the Subsections below.

      C.      The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

      1.      the Financial Statement of Individual Defendant Gregory W. Anderson signed on October 24, 2018, including the attachments;

      2.      the Financial Statement of Individual Defendant Garrett P. Robins signed on October 24, 2018, including the attachments;

      3.      the Financial Statement of Corporate Defendant Cove Solutions LLC signed by Individual Defendant Gregory W. Anderson on October 24, 2018;

      4.      the Financial Statement of Corporate Defendant Lake View Holdings LLC signed by Individual Defendant Gregory W. Anderson on October 24, 2018;

      5.      the Financial Statement of Corporate Defendant Cloud Click, L.L.C. signed by Individual Defendant Garrett P. Robins on October 24, 2018;

      6.      the Financial Statement of Corporate Defendant Elevate Consulting International LLC signed by Individual Defendant Garrett P. Robins on October 24, 2018;

      7.      the Financial Statement of Corporate Defendant Fat Giraffe Marketing Group LLC signed by Individual Defendant Garrett P. Robins on October 24, 2018;

      8.      the additional information submitted by email from Defendants' counsel JD Lauritzen to Commission counsel Savvas S. Diacosavvas dated October 16, 2018, October 5, 2018, and September 18, 2018, each with the subject line "Follow up Questions (Gregory

Anderson);" and

        9.     the additional information submitted by email from Defendants' counsel JD Lauritzen to Commission counsel Savvas S. Diacosavvas dated October 16, 2018 (two emails on this date), October 5, 2018, and September 18, 2018, each with the subject line "Follow up Questions (Garrett Robins)."

    D.     The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

    E.     If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payments previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## V.

## ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

    A.     Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

    B.     The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.  Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E.  All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VI.

## CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

    A.    Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. Defendants represent that they have provided this redress information to the Commission. If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days;

    B.    Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order; and

    C.    Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VII.

## COOPERATION

IT IS FURTHER ORDERED that Defendants fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Defendants must provide truthful and complete information, evidence, and testimony. The Individual Defendants must appear and the Corporate Defendants must cause their officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 10 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena. If the presence of a person described in this paragraph is required outside the State of Utah as well as beyond 100 miles of the person's residence, the FTC agrees to arrange and pay for the person's reasonable travel expenses.

## VIII.

## ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all

employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IX.

## COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1. Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each

Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

       2.    Additionally, each Individual Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

    B.    For 15 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

       1.    Each Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

       2.    Additionally, each Individual Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

    C.    Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant

within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Fat Giraffe Marketing Group, LLC, et al.

## X.

## RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 15 years after entry of the Order, and retain each such record for 5 years. Specifically, each Corporate Defendant and each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. A copy of each unique advertisement or other marketing material.

## XI.

## COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior

notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XII.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

IT IS SO ORDERED.

DATED this 12th day of February, 2019.

BY THE COURT:

_____
Clark Waddoups
United States District Judge